# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Monica Mary Margaret Talbot,<br><br>Plaintiff,<br><br>v.<br><br>Emily W. Murphy, GSA<br><br>Defendant. | Case No. 20-cv-00590 (SRN/KMM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Monica Mary Margaret Talbot, 12024 Florida Ave N., Champlin, MN 55316, Pro Se.

Adam J. Hoskins, Office of the U.S. Attorney, 300 South Fourth St., Suite 600, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Emily W. Murphy's ("Murphy") Motion to Dismiss the Amended Complaint [Doc. No. 14] under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS in part** the motion to dismiss and pursuant to FRCP Rule 12(d) **CONVERTS** in part the motion to dismiss into a motion for summary judgment.

I.   **BACKGROUND**

Plaintiff Monica Talbot ("Talbot") is a former student trainee of the General Services Administration ("GSA"). (*See* Phipps-Thompson Decl. [Doc. No. 18] Ex. B at 2.) Murphy was the Administrator of the GSA while Talbot worked there. (*Id.* at 12.)

The GSA terminated Talbot's employment as a student trainee on October 1, 2018. (*See* Phipps-Thompson Decl. ¶ 3.) On February 28, 2019, Talbot filed an administrative complaint with the GSA's Office of Civil Rights ("OCR"), alleging discrimination on the basis of race, sex, religion, and disability. (Am. Compl. [Doc. No. 6] at 6.)[1]

After investigating Talbot's claims, on November 19, 2019, OCR issued a cover letter and final agency decision ("FAD"), finding that Talbot was not discriminated against on the basis of race, sex, religion, and/or disability. (*See* Phipps-Thompson Decl., Ex. A (cover letter), Ex. B (FAD).) The FAD advised Talbot that she could file a civil action relating to her claims in the appropriate federal district court "[w]ithin 90 calendar days of receipt of GSA's FAD … if no appeal has been filed with the [Equal Employment Opportunity Commission]."[2] (*See* FAD at 12.) According to evidence submitted by the Government, Murphy mailed the FAD to Talbot on November 19, 2019, and she received it on November 20, 2019. (*See* Phipps-Thompson Decl. ¶ 4, Ex. C (United Parcel Service ("UPS") Delivery Notification).) Although Talbot alleges that she received notice of her right to sue, in none of Talbot's pleadings or other filings does she allege the date that she received the FAD. (*See* Am. Compl. at 5.)

---

[1] It appears that the pages within the Amended Complaint are out of order. For clarity, citations to the Amended Complaint will refer to the page numbers assigned by the court's ECF system.

[2] Talbot does not allege that she appealed the FAD to the EEOC. (*See generally* Am. Compl.)

On February 24, 2020, Talbot commenced this action by filing her initial complaint. (*See* Compl. [Doc. No. 1].) On May 20, 2020, Talbot filed an amended complaint, alleging that the GSA discriminated against her on the basis of her disability, gender, race, and religion when it terminated her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). (*See* Am. Compl. at 2-6.) Further, she alleges that Murphy violated the Family Medical Leave Act ("FMLA"), "Union Rights," "Labor Laws – PPP," "Whistleblowing," and "HIPPA." (*See id.*)

On August 31, 2020, Murphy filed the instant motion to dismiss under Rules 12(b)(1) and 12(b)(6). (*See* Mot. to Dismiss [Doc. No. 14].) Talbot did not respond to the motion. Then, on December 16, 2020, this Court entered an order, ordering that Talbot file a response to the motion to dismiss by December 30, 2020, and that Murphy file a reply, if any, by January 13, 2021. (*See* Order [Doc. No. 22].) To date, Talbot has not filed any response to Murphy's motion to dismiss, and Murphy has not filed a reply.

## II. DISCUSSION

Murphy moves the Court to dismiss the Amended Complaint under Rule 12(b)(1) or Rule 12(b)(6). First, as to Talbot's Title VII, ADA, and Rehabilitation Act claims, she contends that they are time-barred and therefore must be dismissed. Second, Murphy contends that any claims under the FMLA, "Union Rights," "Labor Laws – PPP," "Whistleblowing," and "HIPPA" should be dismissed for failure to state a claim under Rule 12(b)(6).

A. **Standard of Review**

A court deciding a motion under Rule 12(b)(1) must first determine whether the defendant is mounting a facial attack or a factual attack on the court's subject matter jurisdiction. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). If it is a facial attack, the court looks to the pleadings to consider whether the plaintiff has alleged a sufficient basis for jurisdiction and accepts all factual allegations as true. *See id.* Conversely, if it is a factual attack, the court may consider "matters outside the pleadings, such as testimony and affidavits." *Id.* at 914-15 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). Here, Murphy presents a factual attack on subject matter jurisdiction because her argument is based on matters outside the pleadings, namely, a declaration and an exhibit.

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

Under Rule 12(d), if matters outside the pleadings are presented to and not excluded by the court on a Rule 12(b)(6) motion, the court must treat the motion as one for summary

4

judgment under Rule 56. Indeed, with some exceptions, the Eighth Circuit requires "strict compliance" with this rule. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (citing *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000)). Further, the court must give all parties reasonable notice that this conversion is occurring in order to provide the opposing party an opportunity to counter what has become a motion for summary judgment. *Id.* This way, the non-moving party "can produce affirmative evidence to counter the movant's allegations or file an affidavit under Rule 56(f) requesting more time to obtain such evidence in order to resist the motion." *Id.* (citing Fed. R. Civ. P. 56(d); *Silver v. H&R Block, Inc.*, 105 F.3d 394, 395-96 (8th Cir. 1997)).

### B. Title VII, ADA, and Rehabilitation Act Claims

The Court first considers Murphy's argument that Talbot's Title VII, ADA, and Rehabilitation Act claims are time-barred.

Under Title VII, the ADA, and the Rehabilitation Act, any civil action plaintiff commences in federal court must be commenced within 90 days of receipt of notice of final action taken by an agency. *See* 42 U.S.C. § 2000e-16(c) (Title VII); 29 C.F.R. § 1614.407(a) (Rehabilitation Act); *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a)) (ADA). The limitations period begins to run when the prospective plaintiff receives the notice. *See* 42 U.S.C. § 2000e-16(c). The Eighth Circuit has held that notice is sufficient if "a registered or certified letter, or other written notice requiring the recipient to acknowledge receipt therefor, is sent to the

employee and the employee personally acknowledges the receipt." *Craig v. Dep't of Health, Educ. & Welfare*, 581 F.2d 189, 193 (8th Cir. 1978).

Importantly, it is not clear in the Eighth Circuit "whether the statute of limitations contained in § 2000e-16(c) in a government-defendant case is jurisdictional." *Frazier v. Vilsack*, 419 F. App'x 686, 688 (8th Cir. 2011). Regardless, this statute of limitations is "subject to equitable tolling 'in the same way that it is applicable to private suits.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)).

Here, Talbot alleges that she received notice of her right to sue, but in none of her filings does she allege the date on which she received the FAD, nor whether she filed this lawsuit within 90 days of receipt of the FAD. (*See* Am. Compl. at 5.) In response, Murphy contends that she sent the FAD to Talbot on November 19, 2019, and that Talbot received it on November 20, 2019. (Def.'s Mem. at 7-8.) In support, Murphy points to a declaration and UPS Delivery Notification indicating that the FAD was delivered to Talbot's address of record and that Talbot signed for it upon receipt.[3] (*See* Phipps-Thompson Decl. ¶ 4, Ex. C.) Therefore, according to Murphy, Talbot's 90-day period to commence a civil action began on November 20, 2019 and ended on February 18, 2020. (Def.'s Mem. at 7-8.) It is uncontested that Talbot commenced this action on February 24, 2020, six days later. (*Id.* at 8.) Consequently, Murphy contends that Talbot's claims are time-barred and therefore

---

[3] The Notification shows that the recipient signed "Talbich" upon receipt of the package.

must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state a claim. (*Id.* at 8-9.)

Although the Court may consider matters outside the pleadings in analyzing a factual attack on subject matter jurisdiction, the Eighth Circuit has not expressly held the statute of limitations in § 2000e-16(c) is jurisdictional. In an abundance of caution, therefore, assuming the failure to file this suit in a timely fashion is not jurisdictional, the Court will convert this motion to one for summary judgment under Rule 12(d) so that it may consider the record evidence on this issue. The Court will accept Murphy's present briefing and supporting declaration and exhibits as her initial submission on that motion. As Rule 12(d) requires, the Court will grant Talbot a reasonable opportunity to respond to the converted motion for summary judgment.

### C. Talbot's Remaining Claims

Next, the Court considers Murphy's motion to dismiss Talbot's remaining claims under Rule 12(b)(6) for failure to state a claim. (*See* Def.'s Mem. at 9-10.) Talbot purports to bring claims under the FMLA, "Union Rights," "Labor Laws – PPP," "Whistleblowing," and "HIPPA." (*See* Am. Compl. at 6.) However, it appears that she listed these laws and general categories in her Amended Complaint without including any factual allegations in support. *See Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) ("While courts liberally construe pro se complaints, pro se litigants must still allege sufficient facts to state a plausible claim for relief."). Consequently, these claims will be dismissed.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. To the extent Defendant's motion to dismiss [Doc. No. 14] seeks to dismiss Plaintiff's claims under Title VII, the ADA, and the Rehabilitation Act, it is **CONVERTED** into a motion for summary judgment under Rule 12(d);

2. Plaintiff shall file a memorandum in response to the converted motion for summary judgment within 21 days, by July 13, 2021;

3. Defendant may file a reply memorandum within seven days of the filing of Plaintiff's response; and

4. Defendant's motion to dismiss [Doc. No. 14] as to the remaining claims is **GRANTED**.

**IT IS SO ORDERED.**


Dated: June 22, 2021                         s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge