UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Monica Mary Margaret Talbot,<br><br>Plaintiff,<br><br>v.<br><br>Emily W. Murphy, GSA,<br><br>Defendant. | Case No. 20-cv-590 (SRN/KMM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Monica Mary Margaret Talbot, 12024 Florida Ave N., Champlin, MN 55316, Pro Se.

Adam J. Hoskins, Office of the U.S. Attorney, 300 South Fourth St., Suite 600, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Emily W. Murphy's ("Murphy") Motion for Summary Judgment ("Motion").[1] Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the Motion.

**I.    BACKGROUND**

Plaintiff Monica Talbot ("Talbot") is a former student trainee of the General Services Administration ("GSA"). (*See* Phipps-Thompson Decl. [Doc. No. 18] Ex. B at 2.) Murphy was the Administrator of the GSA while Talbot worked there. (*Id.* at 12.)

---

[1] Murphy originally filed a Motion to Dismiss [Doc. No. 14]. By an Order dated June 22, 2021, the Court converted part of that motion to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See Talbot v. Murphy*, No. 20-cv-590 (SRN/KMM), 2021 U.S. Dist. LEXIS 116199, at *7-8 (D. Minn. June 22, 2021).

1

The GSA terminated Talbot's employment as a student trainee on October 1, 2018. (*See* Phipps-Thompson Decl. ¶ 3.) On February 28, 2019, Talbot filed an administrative complaint with the GSA's Office of Civil Rights ("OCR"), alleging discrimination on the basis of race, sex, religion, and disability. (Am. Compl. [Doc. No. 6] at 6.)[2]

After investigating Talbot's claims, on November 19, 2019, OCR issued a cover letter and final agency decision ("FAD"), finding that Talbot was not discriminated against on the basis of race, sex, religion, and/or disability. (*See* Phipps-Thompson Decl., Ex. A (cover letter), Ex. B (FAD).) The FAD advised Talbot that she could file a civil action relating to her claims in the appropriate federal district court "[w]ithin 90 calendar days of receipt of GSA's FAD … if no appeal has been filed with the [Equal Employment Opportunity Commission]."[3] (*See* FAD at 12.) According to evidence submitted by the Government, Murphy mailed the FAD to Talbot on November 19, 2019, and she received it on November 20, 2019. (*See* Phipps-Thompson Decl. at 1-2, Ex. C (United Parcel Service ("UPS") Delivery Notification).) Although Talbot alleges that she received notice of her right to sue, in none of Talbot's pleadings or other filings does she allege the date that she received the FAD. (*See* Am. Compl. at 5.)

---

[2] It appears that the pages within the Amended Complaint are out of order. For clarity, citations to the Amended Complaint will refer to the page numbers assigned by the court's ECF system.

[3] Talbot does not allege that she appealed the FAD to the EEOC. (*See generally* Am. Compl.)

2

On February 24, 2020, Talbot commenced this action by filing her initial complaint. (*See* Compl. [Doc. No. 1].) On May 20, 2020, Talbot filed an amended complaint, alleging that the GSA discriminated against her on the basis of her disability, gender, race, and religion when it terminated her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). (*See* Am. Compl. at 2-6.) Further, she alleges that Murphy violated the Family Medical Leave Act ("FMLA"), "Union Rights," "Labor Laws – PPP," "Whistleblowing," and "HIPPA." (*See id.*)

On August 31, 2020, Murphy filed the instant motion to dismiss under Rules 12(b)(1) and 12(b)(6). (*See* Mot. to Dismiss [Doc. No. 14].) Talbot did not respond to the motion. Then, on December 16, 2020, this Court entered an order, ordering that Talbot file a response to the motion to dismiss by December 30, 2020, and that Murphy file a reply, if any, by January 13, 2021. (*See* Order [Doc. No. 22].) Talbot declined to file any response to Murphy's motion to dismiss, and Murphy did not file a reply.

On June 22, 2021, the Court issued an order granting in part Murphy's motion to dismiss and converting the remainder of the motion to a motion for summary judgment. *See Talbot v. Murphy*, No. 20-cv-590 (SRN/KMM), 2021 U.S. Dist. LEXIS 116199 (D. Minn. June 22, 2021). First, to the extent Talbot brought claims under the FMLA, "Union Rights," "Labor Laws – PPP," "Whistleblowing," and "HIPPA," the Court dismissed them because she failed to plead any factual allegations in support. *Id.* at *8. Second, as to Murphy's motion to dismiss Talbot's claims under Title VII, the ADA, and the Rehabilitation Act, the Court converted that portion of the motion to a motion for summary

3

judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *Id.* at *5-8. The Court ordered Talbot to respond to the converted motion for summary judgment within 21 days of the Court's order. *Id.* at *8-9. To date, Talbot has declined to respond to the motion.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

**B.     Analysis**

Under Title VII, the ADA, and the Rehabilitation Act, any civil action that a plaintiff commences in federal court must be commenced within 90 days of receipt of notice of final action taken by an agency. *See* 42 U.S.C. § 2000e-16(c) (Title VII); 29 C.F.R. § 1614.407(a) (Rehabilitation Act); *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a)) (ADA). The limitations period begins to run when the prospective plaintiff receives the notice. *See* 42 U.S.C. § 2000e-16(c). The Eighth Circuit has held that notice is sufficient if "a registered or certified letter, or other written notice requiring the recipient to acknowledge receipt therefor, is sent to the employee and the employee personally acknowledges the receipt." *Craig v. Dep't of Health, Educ. & Welfare*, 581 F.2d 189, 193 (8th Cir. 1978).

Importantly, it is not clear in the Eighth Circuit "whether the statute of limitations contained in § 2000e-16(c) in a government-defendant case is jurisdictional." *Frazier v. Vilsack*, 419 F. App'x 686, 688 (8th Cir. 2011). Regardless, this statute of limitations is "subject to equitable tolling 'in the same way that it is applicable to private suits.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)).

Here, Talbot alleges that she received notice of her right to sue, but in none of her filings does she allege the date on which she received the FAD, nor whether she filed this lawsuit within 90 days of receipt of the FAD. (*See* Am. Compl. at 5.) In response, Murphy contends that she sent the FAD to Talbot on November 19, 2019, and that Talbot received

5

it on November 20, 2019. (Def.'s Mem. at 7-8.) In support, Murphy points to a declaration and UPS Delivery Notification indicating that the FAD was delivered to Talbot's address of record and that Talbot signed for it upon receipt. (*See* Phipps-Thompson Decl. at 1-2, Ex. C.) Therefore, according to Murphy, Talbot's 90-day period to commence a civil action began on November 20, 2019 and ended on February 18, 2020. (Def.'s Mem. at 7-8.) It is uncontested that Talbot commenced this action on February 24, 2020, six days later. (*Id.* at 8.) Consequently, Murphy contends that Talbot's claims are time-barred. (*Id.* at 8-9.)

The Court agrees with Murphy. The undisputed evidence shows that Talbot received the FAD more than 90 days before she commenced this action. (*See* Phipps-Thompson Decl. at 1-2, Ex. C.) Further, Talbot offers no allegation and makes no argument that the mandatory 90-day period should be equitably tolled, and the Court finds no basis to apply equitable tolling in this case. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989) ("Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff."). Therefore, Talbot's claims under Title VII, the ADA, and the Rehabilitation Act are time-barred.

### III.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's converted motion for summary judgment [Doc. No. 14] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 3, 2021                                             s/Susan Richard Nelson
                                                                            SUSAN RICHARD NELSON
                                                                            United States District Judge